E-FILED
Thursday, 04 February, 2016 10:44:50 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| TAMMY CHENEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  14-cv-1446 |
| | ) | |
| MENARD, INC. doing business as | ) | |
| MENARDS #3081, | ) | |
| | ) | |
| Defendant. | ) | |

## O P I N I O N  &  O R D E R

This case is a negligence action involving a slip and fall that occurred at a store owned and operated by the Defendant, Menard, Inc. (hereinafter "Menards") in Pekin, Illinois. The case was originally brought in the Tenth Judicial Circuit Court of Tazewell County, Illinois but was removed to this Court by Defendant's Notice of Removal (Doc. 1) pursuant to 28 U.S.C. §§ 1441 and 1446.[1]

---

[1] Plaintiff attached an Affidavit of Damages to her Complaint in which she averred that her damages were not less than $50,000. Diversity jurisdiction is only properly invoked when the amount in controversy is not less than $75,000. 28 U.S.C. § 1332. Despite that, Defendant explained in its Notice of Removal (Doc. 1) that "[p]re-suit investigation has revealed that Plaintiff has suffered a shattered elbow, requiring surgery. Based on the nature of Plaintiff's injury and the language of her Complaint, it appears from a reasonable and common sense reading of the Complaint, that the amount in controversy exceeds the $75,000 jurisdictional requirement." Federal law provides "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (U.S. 2014). Given this governing legal precedent, the allegations of the Defendant in its Notice of Removal, and the fact that Plaintiff failed to object to the removal, the Court sees no reason to question the Defendant's assertions that the Court's jurisdiction over this action is proper.

Now before the Court is the Motion for Summary Judgment (Doc. 25) brought by Defendant. The motion is fully briefed and ready for disposition. For the reasons stated below, the Motion for Summary Judgment (Doc. 25) is DENIED.

## LEGAL STANDARDS

In their supporting memoranda, both parties cite Illinois law for the source of authority governing the standard of adjudication of the summary judgment motion. This is incorrect. This case is before the Court on the basis of diversity jurisdiction. As such, the well-known *Erie* doctrine applies and this Court will apply federal law to the procedural aspects of the action and state law to the substance of the claims. *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 406 (2010); *Rodman Indus., Inc. v. G&S Mill, Inc.*, 145 F.3d 940, 942 (7th Cir. 1998). Therefore, Federal Rule of Civil Procedure 56 and the federal case law interpreting that Rule provide the standard of adjudication for the instant summary judgment motion.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant may demonstrate the absence of a genuine dispute of material fact by citing to admissible evidence, or by showing that the nonmovant cannot produce admissible evidence to support a genuine dispute of material fact. Fed. R. Civ. P. 56(c)(1). Upon such a showing by the movant, the nonmovant may not simply rest

2

on his or her allegations in the complaint, "[t]he nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence." *Warsco v. Preferred Technical Grp.*, 258 F.3d 557, 563 (7th Cir. 2001) (internal quotations and citation omitted); Fed. R. Civ. P. 56(c)(1). Typically, all inferences drawn from the facts must be construed in favor of the non-movant, but the court is not required to draw every conceivable inference from the record. *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). At the summary judgment stage, however, the court may not resolve issues of fact; disputed material facts must be left for resolution at trial. *Anderson*, 477 U.S. at 249-50.

### FACTUAL BACKGROUND[2]

The facts of this case are straightforward. On September 19, 2013, Plaintiff Tammy Cheney and her husband, Albert, went to Menards in Pekin, Illinois to purchase some remodeling materials. Upon entering the store, the Cheneys obtained a cart for carrying the materials. They picked up several long pieces of oak lumber and placed them on the cart. The boards were so long that they extended beyond the physical boundaries of the cart in the front and back. The Cheneys then went up to a checkout line to pay for the materials. While Albert Cheney was in the process of paying the cashier for their items, Plaintiff was looking at items that were on display in the checkout aisle. As Plaintiff turned to her left, she lost her footing and fell over the wood which was protruding from the cart. She landed on the floor on the other side of the boards. One of the shoes that she was wearing fell

---

[2] These facts come from the statements of facts offered by both litigants.

off and "went flying." Plaintiff did not know where the shoe landed. A nearby customer picked up her shoe from its landing spot and handed it to her, at which time Plaintiff noticed the shoe was wet. Plaintiff then observed water on the floor near a soda cooler which was located in the aisle where she had been standing.

Neither Plaintiff nor her clothing was wet. She does not recall whether the shoe that remained on her foot had any water or other liquid on it. Prior to her fall, Plaintiff did not see any debris on the floor, nor did she see any water or any other substance on the floor. Plaintiff cannot recall whether the water that she saw on the floor ran under the cooler or not. Plaintiff was neither holding anything in her hands nor was she on her cell phone when she fell. There was nothing obstructing her view of the floor. There were no caution signs present, nor was there anyone mopping nearby.

The fall was recorded by a Menards' security video. However, Albert Cheney did not witness his wife fall nor has Plaintiff identified any other witnesses who saw her fall. Mr. Cheney testified at a deposition that he did not see any water or liquid around, near, or in front of the soda cooler either prior to or subsequent to Plaintiff's fall. Upon observing his wife lying on the floor in pain, Mr. Cheney was only concerned about his wife and the pain she was suffering and was unconcerned with looking for the cause of the fall.

Menards' employees are trained to be vigilant and on the look-out for any hazardous conditions on the floor or elsewhere on the premises and to address them immediately. After the fall, a Menards' cashier said to Plaintiff that the store had been having problems with the soda cooler leaking. There is no evidence that the

cashier herself observed water on the floor at the time. The cashier does not appear to have been deposed nor has Menards offered an affidavit from her as to what she observed or stated to Plaintiff at the time.

## DISCUSSION

This case involves a simple negligence claim governed by Illinois law, which requires Plaintiff establish 1) Menards owed her a duty, 2) Menards breached that duty, and 3) in so breaching the duty, Menards proximately caused Plaintiff's injuries. *Miller v. National Ass'n of Realtors*, 648 N.E.2d 98, 100 (Ill. App. Ct. 1st Dist. 1994). Menards does not assert that it did not owe Plaintiff a duty to exercise ordinary care in maintaining its premises in a reasonably safe condition as an invitee to its store. *See Ward v. K Mart Corp.*, 554 N.E.2d 223, 227 (Ill. 1990). However, Menards contends Plaintiff cannot point to any evidence that it breached its duty to her or that any such breach was the proximate cause of her fall.

A business owner breaches its duty to an invitee who slips on a foreign substance if "(1) the substance was placed there by the negligence of the proprietor or (2) [its] servant knew of its presence, or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered, i.e. the proprietor had constructive notice of the substance." *Hayes v. Bailey*, 400 N.E.2d 544, 546 (Ill. App. Ct. 3d Dist. 1980); *see also Olinger v. Great Atlantic & Pacific Tea Co.*, 173 N.E.2d 443 (Ill. 1961). According to Menards, none of the evidence is sufficient to establish any of these scenarios.

5

I.   **Menards' Contention That Plaintiff Has Failed To Produce Evidence That Any Condition On Its Property Proximately Caused Her Fall Is Incorrect.**

According to Menards, "Plaintiff testified in her deposition that at the time of her fall, she did not know what caused her to fall and, further, that she did not see any liquid on the floor of the store prior to her fall." This is not a full and accurate recounting of Plaintiff's testimony. She unambiguously testified that immediately after her fall, she became aware her shoe was wet and she observed water on the floor by the soda cooler near where she had been standing. (Doc. 25-2 at 8-9).

Menards claims that Plaintiff's theory of liability is based upon mere speculation that water caused her fall. It cites several cases for the proposition that speculation and conjecture cannot suffice to raise a genuine issue of material fact. *See e.g.*, *Geelan v. City of Kankakee*, 605 N.E.2d 1015, 1016  (Ill. App. Ct. 3d Dist. 1992); *Argueta v. Krivickas*, 952 N.E.2d 1238, 1243 (Ill. App. Ct. 1st Dist. 2011); *Kimbrough v. Jewel Companies, Inc.*, 416 N.E.2d 328 (Ill. App. Ct. 4th Dist. 1981); *Vance v. Lucky Stores, Inc.*, 480 N.E.2d 167 (Ill. App. Ct. 2d Dist. 1985); *Gentile v. Kehe*, 520 N.E.2d 827 (Ill. App. Ct. 1st Dist. 1987); *Barker v. Eagle Food Centers, Inc.*,  634 N.E.2d 1276 (Ill. App. Ct. 2d Dist. 1994); and *Truelsen's Estate v. Levin*, 321 N.E.2d 528 (Ill. App. Ct. 1st Dist. 1974). While the legal proposition supplied by these cases is correct, each of these cases presents facts that are distinguishable from the facts of this case.

For example, in *Geelan*, the court recognized that to "establish proximate cause, a plaintiff must demonstrate with reasonable certainty that a defendant's alleged negligence caused the injury for which plaintiff seeks recovery." 605 N.E.2d

6

at 1016. There, the plaintiff, who was not a party to the accident, speculated that poor lighting caused the decedent to have a fatal crash. *Id*. The court held that without the decedent's testimony as to what caused the crash, the plaintiff could only speculate as to whether poor lighting caused the accident and thus had no facts capable of establishing proximate cause. *Id*. *Geelan* is easily distinguishable from the instant case because here, the victim of the accident has given clear deposition testimony as to what caused her fall. She claims pooled water Menards permitted to be on the premises caused her fall. Consequently, there is no speculation in her claim and there is no missing evidentiary link as to causation.

Similarly, in *Kimbrough*, a case very similar to this one, the plaintiff slipped and fell on a ramp upon leaving the defendant's store. 416 N.E.2d at 330. The plaintiff there gave deposition testimony that on the day of the accident, she walked out of the store and onto a ramp where she took one step, lost her footing and fell. *Id*. Throughout her deposition, Kimbrough—unlike the Plaintiff here—admitted she did not know why she fell. *Id*. at 331. Although she identified several grease spots after the fall, she had no idea whether she had stepped in them. *Id*. Here, circumstantial evidence exists that Plaintiff stepped in pooled water. Plaintiff clearly contends that the evidence shows there was water on the floor, her shoe was wet and therefore, the water caused her foot to lose its grip and ultimately caused the fall. So, while Kimbrough had no evidence of grease being on her shoes, Plaintiff has evidence of water being on her shoe, which in turn is evidence that she did in fact step in the water and can support a plausible inference that water caused her fall.

Menards fails to recognize the significance of Plaintiff's circumstantial evidence. As was explained in another case cited by Menards, a factual conclusion regarding proximate cause can be established by circumstantial evidence when the circumstances are of such a nature and so related to each other that they permit that certain conclusion. *See Levin*, 321 N.E.2d at 529.

Although the Plaintiff relies on circumstantial evidence she is not speculating as to the cause of her fall. Her unambiguous and firm assertion is that the water pooled near the soda cooler caused her accident. Thus, the cases cited by Menards are all inapposite because those cases all deal with situations where the plaintiffs' theories of proximate cause were based on conjecture. That is not the case here.

Menards argues further that "the surveillance video depicting Plaintiff's fall clearly demonstrates that Plaintiff did not slip on any substance on the floor; rather, it is clear that Plaintiff tripped over the board[sic] which were protruding from her cart." (Doc. 25 at 11). While the video depicts Plaintiff falling over the wooden planks, it does not establish that there was no water on the floor or that pooled water did not cause Plaintiff's initial slipping action. In any event, concluding what the actual cause of the fall to be is clearly a factual determination for the finder of fact. It may very well be at trial the jury will find that Plaintiff fell because of the boards, not because of any purported water. However, for summary judgment purposes, Plaintiff has demonstrated enough plausible evidence that pooled water near the soda cooler caused her to lose her footing to allow the issue to reach trial.

## II.    Plaintiff Produced Enough Evidence That Menards Was Responsible For The Alleged Unsafe Condition.

Menards argues that even if there was water on the floor that caused Plaintiff to fall, it had no reason to know the water was on the floor. However, under Illinois law, knowledge of the alleged substance is an evidentiary requirement of only two of the three distinct ways to establish premises liability. As most recently stated by the Seventh Circuit, "[l]iability can be imposed when a business's invitee is injured by slipping on a foreign substance on its premises if the invitee establishes that (1) <u>the substance was placed there by the negligence of the business</u>; (2) the business had actual notice of the substance; <u>or</u> (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered, i.e., the business had constructive notice of the substance. *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014) (citing Illinois law) (emphasis added). Tracing this pronouncement of law back to its source unearths an Illinois Supreme Court case in which that court explained "where the foreign substance is on the premises due to the negligence of the proprietor or his servants, it is not necessary to establish their knowledge, actual or constructive…." *Donoho v. O'Connell's, Inc.*, 148 N.E.2d 434, 437 (1958).

> In order to create a triable issue of fact with respect to placement of the substance by [a defendant], [a plaintiff] need[s] to present some evidence showing that the substance was more likely placed on the premises through the defendant's negligence rather than a customer's. To prove that the defendant business, as opposed to a third person, created the dangerous condition, Illinois courts have required the plaintiff to (1) show that the foreign substance was related to the defendant's business and (2) "offer[ ] some further evidence, direct or circumstantial, however slight, such as the location of the substance or the business practices of the defendant, from which it could be inferred

that it was more likely that defendant or his servants, rather than a customer, dropped the substance on the premises ...

*Zuppardi*, 770 F.3d at 649 (internal quotations marks and citations omitted) (citing *Donoho*, 148 N.E.2d 434). Thus, the cases cited by Menards—while they state good law with regard to knowledge—do not support summary judgment here because the Plaintiff has enough evidence to proceed under the first prong of premises liability that does not require proof of the business owner's knowledge.

Menards states that "Plaintiff's only evidence that there was a substance on the floor is Plaintiff's mere assumption that there was something on the floor because one of her flip-flops, which had been handed back to her after landing elsewhere on the floor, was wet and because she saw liquid on the floor nearby." (Doc. 25 at 16-17). In its reply, Menards concedes the Plaintiff also has evidence that a Menards' cashier indicated that the store had been having problems with the soda machine leaking water. (Doc. 27 at 6).[3] Thus, Plaintiff has evidence that 1) there was water on the floor near the soda cooler that Plaintiff herself witnessed and 2) a Menards' cashier stated the cooler had previously leaked water in the past. This is sufficient evidence to proceed to a jury.

---

[3] Menards argues Plaintiff has no "admissible" evidence with regard to its knowledge as to the presence of any substance on the floor. (Doc. 25 at 16). Menards is hinting that the statement of the cashier is inadmissible hearsay. Menards merely implies the statement is inadmissible and fails to make a formal argument on the issue. Therefore, for purposes of this summary judgment motion, the issue is waived. *See Merry Gentleman, LLC v. George and Leona Prods., Inc.,* 13 C 2690, 2014 WL 7330911, at *7 (N.D.Ill. Dec. 22, 2014); *Judge v. Quinn,* 612 F.3d 537, 557 (7th Cir. 2010) ("We have made clear in the past that it is not the obligation of this court to research and construct legal arguments open to parties, especially when they are represented by counsel, and we have warned that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.").

Menards offers the soda for sale, so the soda cooler is related to the defendant's business. Moreover, if one believes Menards knew the soda cooler had occasionally leaked water in the past, as the cashier's statement evinces, and that there was indeed water on the floor, as Plaintiff observed, then one can fairly draw the conclusion that Menards is responsible for the water that was on the ground where Plaintiff was standing. *Zuppardi*, 770 F.3d at 649 (plaintiff "must offer some further evidence, direct or circumstantial, however slight, from which it could be inferred that it was more likely that defendant or his servants, rather than a customer, dropped the substance on the premises").

In *Ishoo v. Gen. Growth Properties, Inc.*, 966 N.E.2d 1160 (Ill. App. Ct. 1st Dist. 2012), another case cited by Menards, an Illinois appellate court stated the general rule that to establish negligence on the part of the defendants, the plaintiff need only bring forth facts that her fall was caused by a liquid substance on the floor attributable to the defendants. The *Ishoo* court ruled in favor of the defendants because there were no facts before the court that connected the defendants to the presence of the liquid substance on the floor. *Id.* at 1164. That is not the case here.

As explained earlier, there is enough evidence for a jury to conclude the water was placed on the floor by Menards' negligence. *See Zuppardi*, 770 F.3d at 649. Obviously, Menards had control over the placement of the soda cooler on the aisle floor. Menards' cashier stated the store was aware the cooler leaked in the past. Nevertheless, the soda cooler was allowed to remain on the floor. Finally, Plaintiff observed water near where she had been standing prior to the fall. In short, there is

11

sufficient evidence for a jury to conclude Menards was responsible for the water's presence on the floor.

### CONCLUSION

For the foregoing reasons it is ORDERED Defendants' Motion for Summary Judgment (Doc. 25) is DENIED.  Sufficient genuine issues of material fact exist that preclude a finding of summary judgment. This case shall proceed to trial.

Entered this <u>4th</u> day of February, 2016.


_s/ Joe B. McDade_
JOE BILLY McDADE
United States Senior District Judge
